IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
11/25/2014

|  |  |
|---|---|
| IN RE ) | |
| ) | |
| DANIEL B. DOUCET, ) | CASE NO. 14-33437-H3-13 |
| ) | |
| Debtor, ) | |
| ) | |

<u>MEMORANDUM OPINION</u>

The court has held an evidentiary hearing on the "Objection to Confirmation of Chapter 13 Plan" (Docket No. 57) filed by Diana Doucet. Diana Doucet objects to confirmation, and also seeks dismissal of the instant case. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying confirmation of the plan, and denying without prejudice Diana Doucet's motion to dismiss. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

Daniel B. Doucet ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on June 23, 2014.

In late 2013, Diana Doucet filed a petition for divorce from Debtor. In her second amended petition for divorce, Diana Doucet asserts that she should be awarded a disproportionate

share of the marital assets, in light of several factors, including what she asserts are gifts by Debtor to persons outside the marriage during the marriage, and wasting of community assets by Debtor. Diana Doucet also asserts tort claims for breach of fiduciary duty and fraud against Debtor in the divorce petition. (Diana Doucet's Exhibit 21). Debtor testified that during the marriage, he spent considerable sums at strip clubs.

In Debtor's Chapter 13 plan in the instant case, Debtor proposes to make payments to the Chapter 13 Trustee over 60 months totaling $320,000. These payments include a lump sum payment of $129,100 in month 18. (Diana Doucet's Exhibit 19). Debtor testified that he intends to sell property located at 15509 Mauna Loa Lane (the "Mauna Loa Property"), Houston, Texas, in order to make the $129,100 payment.

Debtor checked a box in the plan indicating that the Mauna Loa Property is his principal residence. (Docket No. 54). However, Debtor testified that he resides at 15913 Jersey Drive, Houston, Texas. Debtor's Schedule C indicates that he claims the Jersey Drive property as his homestead. (Diana Doucet's Exhibit 2).

Debtor testified that the divorce court entered temporary orders for support, including requiring that Debtor make the mortgage payments on both the Jersey Drive and Mauna Loa properties. He testified that he filed the instant case because

2

he was unable to make the payments called for under the temporary orders without invading retirement funds.

Debtor testified that, although the temporary orders of the divorce court award exclusive use of the Mauna Loa property to Diana Doucet, she has not resided there since February or March, 2014.

Debtor testified that the instant case was filed within one or two days before a scheduled mediation in the divorce case.

Debtor testified that the instant plan provides for payment in full of unsecured creditors.  However, the plan makes no provision for payment of anything to Diana Doucet.  Debtor testified that he assumes the differences between himself and Diana Doucet will be resolved by the divorce court.

Diana Doucet testified that she has not received a complete inventory of the marital assets in the divorce case. She testified that she believes Debtor has an account with Chase which has not been disclosed.[1]

Debtor and Diana Doucet have moved for entry of an agreed order lifting the automatic stay to permit the divorce court to issue orders regarding child custody, support, and the division of marital property.  (Docket No. 52).  The agreed order was entered on October 22, 2014.  (Docket No. 53).

---

[1] The court notes that there is no account with Chase identified in Debtor's schedules.

Conclusions of Law

The requirements for confirmation of a Chapter 13 plan under Section 1325(a) of the Bankruptcy Code include the requirement that the plan be proposed in good faith. 11 U.S.C. § 1325(a)(3).

Courts apply a "totality of the circumstances" test to determine whether a Chapter 13 petition and plan are filed in good faith. In re Crager, 691 F.3d 671 (5th Cir. 2012). In proceedings to confirm a plan, the debtor has the burden of proving good faith. In proceedings to convert or dismiss for lack of good faith, the creditor has the burden of showing that the debtor lacks good faith. In re Stanley, 224 Fed. Appx. 343 (5th Cir. 2007).

In the instant case, Debtor falsely represents in the plan that the Mauna Loa property is his principal residence. The plan provides for sale of the Mauna Loa property to pay Debtor's debts, without taking into consideration the arguments raised by Diana Doucet in the divorce court. The court concludes that the plan was not filed in good faith. The court concludes that confirmation should be denied.

With respect to Diana Doucet's motion to dismiss, although the plan was not filed in good faith, there is insufficient evidence for the court to conclude that the instant Chapter 13 case was filed in bad faith. The court concludes that

dismissal should be denied without prejudice.

This court anticipates that the parties will have the disputes as to which the court has previously lifted the automatic stay addressed by the divorce court, prior to this court's consideration of a further plan filed by Debtor or any further motion to dismiss by Diana Doucet.

Based on the foregoing, a separate Judgment will be entered denying confirmation of the plan, and denying without prejudice Diana Doucet's motion to dismiss.

Signed at Houston, Texas on November 25, 2014.

*Letitia Z. Paul*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE